Dear Ms. LaBorde:
This office is in receipt of your request for an opinion of the Attorney General in regard to whether a conflict of interest exists for a public officer to perform audits of taxes levied by the body of which he is a member, pointing out an employee of the school system was elected to serve on the Parish Council. You indicate this councilman's position at the School Board is that of Sales and Use Tax Auditor and he is privy to taxpayer information that is not open to the public. The parish council members enter into contracts with taxpayers, and you note that a councilman, who is also an auditor, could have the ability to enter into a contract in favor of one taxpayer over another based on knowledge of tax information which is confidential and not open to the public or other parish officials.
You ask whether it is a conflict of interest for such a public official to perform audits of taxes levied by the body of which he is a member; and does this situation, being analogous to having insider trading information, disadvantage the taxpayer and/or other council members?
As you note, in Atty. Gen. Op. 00-16 you had requested the opinion whether an elected member of the Parish Council could hold the employed position as Sales and Use Tax Auditor for the Parish School Board, and no prohibition was found. This office concluded it was "permissible for an elected member of the St. John the Baptist Parish Council to also hold the employed position as Sales and Use Tax Auditor for the St. John the Baptist School Board."
Again we do not find any statutory provision which would prohibit a person employed as a school board auditor from seeking election to the Parish Council. It is our understanding that pursuant to his employment he audits the amount paid by tax payers to the School Board which is the tax collector. We do not find this places him within the prohibition of the dual officeholding provisions of R.S. 42:63 nor incompatible offices under R.S. 42:64. R.S. 42:64 sets forth that "no other offices or employments shall be held by the same person" under the conditions therein, and Paragraph (5) provides for the following:
 One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
As tax auditor he is charged with auditing the accounts of taxes paid by taxpayers and collected by the school board, but he is not auditing the accounts of the council nor approving the budget of the council in his position as tax auditor.
Moreover, while he may have information of the financial status of parties that are not of public record but who are interested in contracting with the governing authority, this does not mean that other members of the Parish Council cannot make inquiries from available sources to determine the solvency and reputation of parties seeking contracts with the Parish, and as a political subdivision the Parish is subject to the provisions of the Public Bid Law for public works and materials or supplies. Therefore, as this office recognized in Atty. Gen. Op. 86-351, "The only requirement of state law upon the Parish Council is that the contracts be awarded and negotiated in the best interest of the public body."
As to whether there would be some ethical violation for a school board auditor, who is privy to taxpayer information, to also become a member of the Parish Council being the body which levies the taxes, and votes on whether or not to contract with various taxpayers, we would recommend that you present your ethical concern to the Louisiana State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809; and telephone, 225-922-1400, but we do not find and violation of the dual officeholding statutes.
We hope this information will be of assistance.
Very Truly Yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: April 25, 2003